UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| BRIAN ISIAH HOLMES, | : | Case No. 2:23-cv-4266 |
| Plaintiff, | : | |
| vs. | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Karen L. Litkovitz |
| HAMILTON COUNTY, OHIO, GOVERNMENT, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff is an inmate currently housed at the Chillicothe Correctional Institution, in Chillicothe, Ohio. He has filed this civil rights action against Hamilton County, Ohio, pursuant to 42 U.S.C § 1983, challenging the sufficiency of the indictment and the legality his convictions in a criminal case in Hamilton County which resulted in his incarceration. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is currently before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    A.    **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

2

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint

Plaintiff alleges that defendant Hamilton County improperly sealed his "counterfeit" indictment "of pseudo charges" in Hamilton County Criminal Case No. B1906564. (Doc. 1, at PageID 24; *see also* Doc. 1, at PageID 28). According to plaintiff, "[t]he deceitful indictment did eviscerate the plaintiff's Fifth Amendment protection against double jeopardy, because the lack of clarity concerning the offenses for which the Plaintiff was charged." (*Id.*, at PageID 25). Plaintiff also alleges that the County's actions violated his right to due process. (*Id.*, at PageID 25-26).

For relief, plaintiff seeks monetary damages. (Doc. 1, at PageID 26).

C.      **State Court Proceedings**

This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)). A review of the state-court docket in Case No. B1906564 reveals that plaintiff was convicted by guilty plea of one count of voluntary manslaughter with specification and one count of felonious assault.[1] He was sentenced on September 30, 2021, to a total aggregate term of twenty-years of incarceration in the Ohio Department of Corrections with credit for 669 days of time served. It does not appear that plaintiff appealed his convictions, and the 30–day period for filing an appeal as of right to the Ohio Court of Appeals from the trial court's September 30, 2021 final judgment entry has now expired. *See* Ohio R. App. P. 4(A).

D.      **Analysis**

Plaintiff's complaint is subject to dismissal under *Heck v. Humphry*, 512 U.S. 477 (1994), and should be dismissed without prejudice. In *Heck*, the Supreme Court held that a civil action under 42 U.S.C. § 1983 cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. *Heck*, 512 U.S. at 486-87. "[A] state prisoner's § 1983 action is barred . . . —*no matter the relief sought (damages or equitable relief),* no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Thomas v. Eby,* 481 F.3d 434, 438-

---

[1] Viewed at the Hamilton County Clerk of Courts website at http://www.courtclerk.org/.

39 (6th Cir. 2007) (alteration original) (emphasis added) (quoting *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005)).

By challenging the indictment as being improperly sealed, counterfeit, and containing "pseudo charges," plaintiff seeks to call his convictions into question. Because plaintiff does not allege that those convictions have been reversed on appeal or vacated by expungement or by writ of habeas corpus, any § 1983 claims challenging those convictions are barred by *Heck*.[2]

Accordingly, plaintiff's complaint (Doc. 1) should be **DISMISSED without prejudice** because his claims are barred by *Heck*. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015) ("When courts dismiss claims under *Heck,* they typically do so *without prejudice*") (emphasis original).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1); *Wheeler*, 807 F.3d at 767.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

### PROCEDURE ON OBJECTIONS:

---

[2]To the extent Plaintiff actually seeks federal habeas corpus relief, i.e. to invalidate his conviction[s], he may do so by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Plaintiff should be aware that he must first exhaust his state court remedies before seeking federal habeas corpus relief and any habeas action will be subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241(d)(1); 28 U.S.C. § 2254(b) and (c).

*Carmenates v. Ideus*, No. 4:20CV3031, 2020 WL 3036071, at *3 (D. Neb. June 5, 2020) (footnote omitted).

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 1/22/2024

Karen L. Litkovitz
United States Magistrate Judge