UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| BRIAN ISIAH HOLMES, JR., | : | Case No. 1:24-cv-53 |
| Plaintiff, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Karen L. Litkovitz |
| HAMILTON COUNTY, OHIO, GOVERNMENT, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff is an inmate currently housed at the Chillicothe Correctional Institution, in Chillicothe, Ohio. On December 28, 2023, he filed this civil rights action against Hamilton County, Ohio, pursuant to 42 U.S.C § 1983, raising claims regarding his Hamilton County Criminal Case No. B1906564, which resulted in his incarceration. (*See* Docs. 1; 3). On January 22, 2024, plaintiff was granted leave to proceed *in forma pauperis* (Doc. 2), and the undersigned issued a Report and Recommendation that recommended the dismissal of this case without prejudice based on *Heck v. Humphry*, 512 U.S. 477 (1994). (Doc. 4). Soon thereafter, on January 24, 2024, Plaintiff filed an amended complaint, substituting former Hamilton County Prosecutor Joseph T. Deters and former Assistant Hamilton County Prosecutor Stacey DeGraffenreid as defendants for Hamilton County and clarifying plaintiff's claims to indicate that he is not challenging his convictions or sentence but only his indictment which he asserts was "deceitful" and "eviscerate[d] [his] Fifth Amendment protection against double jeopardy, because the lack of clarity concerning the offenses for which [he] was [initially] charged." (Doc. 5, at PageID 66; *see also* Doc. 6, at PageID 83). Following the filing of plaintiff's amended complaint,

the case was transferred to the Cincinnati location of this Court. (Doc. 7). Plaintiff then filed his "Final Motion to Amend Complaint." (Doc. 9).

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint "once as a matter of course" within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Because no answer or Rule 12 motion has yet to be filed, plaintiff was entitled to amend his complaint once as a matter of course without leave of court. He did so when he filed his first amended complaint. (Doc. 5). "An amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir. 2013). Because the original complaint is no longer in effect, the Report and Recommendation filed on January 22, 2024, upon screening of the original complaint (Doc. 4), is hereby **VACATED as moot**. *See Durham v. Jeffreys*, No. 1:13-CV-226, 2013 WL 6147921, at *1 (S.D. Ohio Nov. 22, 2013), *report and recommendation adopted,* No. C-1-13-226, 2014 WL 63936 (S.D. Ohio Jan. 8, 2014).

This matter is currently before the Court for the screening of Plaintiff's amended complaint (Doc. 5), *see* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b), and for consideration of plaintiff's "Final Motion to Amend Complaint" (Doc. 9), which the Court understands to be a motion to file a second amended complaint. For the following reasons, plaintiff's amended complaint (Doc. 5) should be dismissed and his motion to file a second amended complaint (Doc. 9) should be denied as futile.

### I. Amended Complaint

#### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

2

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

3

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Amended Complaint

As with his initial complaint, plaintiff's amended complaint asserts claims relating to his Hamilton County Criminal Case No. B1906564.

Plaintiff alleges that defendant DeGraffenreid brought a:

> pseudo indictment in front of a competent court of law (SEE EXHIBIT A pg 5), thus injuring the Plaintiff upon sealing the indictment with pseudo charges of two counts of Special Felony Murder (SEE EXHIBIT A pg 2) while only having one deceased victim (SEE EXHIBIT B). Also, [DeGraffenreid] in her personal

> capacity acted under the color of law and produced the pseudo indictment in front of a competent court of law (SEE EXHIBIT A pg 5) injuring the Plaintiff on November 27, 2019 upon sealing the indictment of pseudo charges of two counts of Felonious Assault (SEE EXHIBIT A pg 2) while only having one victim injured by the Plaintiff['s] defending actions (SEE EXHIBIT C). Finally, [DeGraffenreid] in her personal capacity acted under the color of law to bring about the pseudo indictment in front of a competent court of law (SEE EXHIBIT A pg 5) thus injuring the Plaintiff on November 27, 2019 upon sealing the indictment of pseudo charges of 4 counts of weapons specifications attached to each count in the indictment (SEE EXHIIBT A pg 2) when only one firearm was retrieved off of the Plaintiff['s] person (SEE EXHIBIT C). . . .

(Doc. 5, at PageID 64-65).

Plaintiff alleges that defendant Deters:

> on November 27, 2019 by facsimile signature (SEE EXHIBIT A pg 5) acted under the color of law by using [h]is office powers to seal this pseudo indictment of two counts of Special Felony Murder (SEE EXHIBIT A pg 2) while only having one deceased victim (SEE EXHIBIT B); two counts of Felonious Assault (SEE EXHIBIT A pg 2) while only having one victim injured by the Plaintiff['s] actions (SEE EXHIBIT C); 4 counts of weapons specifications attached to each count in the indictment (SEE EXHIIBT A pg 2) when only one firearm was retrieved off of the Plaintiff['s] person (SEE EXHIBIT C); that was officially brought forth by [Deters'] former employee [DeGraffenreid] into a court of law, thus implementing [h]imself by [a]utograph and accepting this pseudo indictment as true.

(Doc. 5, at PageID 65).

As set forth above, plaintiff claims that the November 27, 2019 indictment was "deceitful" and "did eviscerate the Plaintiff's Fifth Amendment protection against double jeopardy, because the lack of clarity concerning the offenses for which the Plaintiff was charged." (*Id*., at PageID 66). Plaintiff also alleges that defendants' actions violated his right to due process. (*Id*., at PageID 66-67).

For relief, plaintiff seeks solely monetary damages. (Doc. 5, at PageID 66).

### C. State Court Proceedings

This Court may take judicial notice of court records that are available online to members of

5

the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)). A review of the state-court docket in Case No. B1906564[1] reveals that plaintiff was indicated in this matter on November 27, 2019. The indictment charged plaintiff with murder with specification in violation of Ohio Rev. Code § 2093.02(A), murder with specification in violation of Ohio Rev. Code § 2093.02(B), felonious assault with specification in violation of Ohio Rev. Code § 2903.11(A)(1), and felonious assault with specification in violation of Ohio Rev. Code § 2903.11(A)(2). (*See also* Doc. 5, at PageID 69-73 (containing copy of the indictment)).

Plaintiff initially pled "not guilty," but later changed his plea to "guilty" on amended and reduced charges of one count of voluntary manslaughter with specification and one count of felonious assault. The remaining counts and specifications were dismissed. Plaintiff was sentenced on September 30, 2021, to a total aggregate term of twenty-years' incarceration in the Ohio Department of Corrections with credit for 669 days' time served. It does not appear that plaintiff appealed his convictions and the 30–day period for filing an appeal as of right to the Ohio Court of Appeals from the trial court's September 30, 2021 final judgment entry has now expired. *See* Ohio R. App. P. 4(A).

**D.     Analysis**

Plaintiff's amended complaint (Doc. 5) is subject to dismissal for failure to state a claim upon which relief can be granted.

First, to the extent that the claims in the amended complaint would implicate the validity of plaintiff's convictions or sentence, they are subject to dismissal under *Heck v. Humphry*, 512 U.S.

---

[1]Viewed at the Hamilton County Clerk of Courts website at http://www.courtclerk.org/.

6

477 (1994), and should be dismissed without prejudice.² In *Heck*, the Supreme Court held that a civil action under 42 U.S.C. § 1983 cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. *Heck*, 512 U.S. at 486-87. "[A] state prisoner's § 1983 action is barred . . . —*no matter the relief sought (damages or equitable relief),* no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Thomas v. Eby,* 481 F.3d 434, 438-39 (6th Cir. 2007) (alteration original) (emphasis added) (quoting *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005)).³

Next, even assuming, *arguendo*, that plaintiff could show that his challenges to the indictment would not undermine the validity of his underlying criminal convictions or sentence on the amended and reduced charges*,* his claims are still subject to dismissal. Defendants Deters and DeGraffenreid are entitled to absolute prosecutorial immunity from plaintiff's suit. "Prosecutors

---

² To the extent Plaintiff actually seeks federal habeas corpus relief, i.e. to invalidate his conviction[s], he may do so by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Plaintiff should be aware that he must first exhaust his state court remedies before seeking federal habeas corpus relief and any habeas action will be subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241(d)(1); 28 U.S.C. § 2254(b) and (c).

*Carmenates v. Ideus*, No. 4:20CV3031, 2020 WL 3036071, at *3 (D. Neb. June 5, 2020) (footnote omitted).

³In his proposed second amended complaint, plaintiff relies on *Preiser v. Rodriguez*, 411 U.S. 475 (1973), to assert that claims solely seeking money damages for relief are not barred under the *Heck* rule. (*See* Doc. 9, at PageID 103). His assertion, however, in incorrect in light of post-*Preiser* rulings by the Supreme Court. As our sister court in the Eastern District of Michigan has recently explained:

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

*Cockerham v. Love*, No. 23-12190, 2023 WL 6164458, at *1 (E.D. Mich. Sept. 21, 2023).

7

are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Marietta v. Macomb Cty. Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson*, 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler*, 424 U.S. at 413, 430; *Buckley v. Fitzsimmons*, 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n.7 (6th Cir. 1998). In this case, plaintiff's claims against Deters and DeGraffenreid are premised on the initiation and pursuit of criminal charges against plaintiff. Because these activities are intimately associated with the judicial phase of the criminal process, defendants Deters and DeGraffenreid are entitled to immunity.

Finally, plaintiff's claims, which relate to the commencement of his criminal case, are also subject to dismissal because his guilty plea waived any pre-plea defects in his case. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense of which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). As such, "any challenge to the [November 27, 2019 indictment] is

8

waived by [plaintiff's] guilty plea." *United States v. Jones*, No. 3:19CR122, 2023 WL 5049274, at *4 (E.D. Va. Aug. 8, 2023).

Plaintiff's amended complaint (Doc. 5) should therefore be dismissed for failure to state a claim upon which relief can be granted.

## II. Plaintiff's Motion to File a Second Amended Complaint

In his motion to file a second amended complaint (Doc. 9), plaintiff seeks to reassert his claims against Hamilton County and to add the Hamilton County Grand Jury Foreperson as a defendant.

Amendment of the complaint to include these defendants should be denied because the amendment would be futile. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County,* 408 F.3d 803, 817 (6th Cir. 2005).

Because plaintiff has waived any challenges to the indictment through his guilty plea, *see Tollett*, 411 U.S. at 267, his request to add new defendants to this action would be futile.

Moreover, "[i]t is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby Cty., Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell,* 436 U.S. at 694). To state a claim for relief against Hamilton County for his alleged injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994). *See Monell,* 436 U.S. at 694; *Doe v. Claiborne Cty.,* 103 F.3d 495, 507 (6th Cir.1996). *See also Polk Cty. v.* Dodson, 454 U.S. 312, 326 (1981) (municipal policy must be "moving force" behind constitutional deprivation). "The 'official

9

policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell,* 436 U.S. at 691; *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir.1993). Although plaintiff's proposed second amended complaint purports to challenge the alleged "procedures" used to draft his indictment (*see* Doc. 9, at PageID 104), plaintiff nowhere identifies those procedures or explains how they resulted in the indictment he now challenges. Conclusory allegations of policies or procedures are insufficient to support a constitutional claim. *Koren v. Neil*, No. 1:21-CV-9, 2022 WL 974340, at *10 (S.D. Ohio Mar. 31, 2022) ("[Plaintiff] attempts to rely on bare, conclusory assertions that [the defendant] adopted policies or customs of unlawful conduct, without adducing any evidence necessary to survive a motion to dismiss.").

Additionally, to the extent that plaintiff seeks to add the Hamilton County Grand Jury Foreperson as a defendant, this defendant is immune from plaintiff's lawsuit under principles of quasi-judicial immunity.[4] *See Williams v. Martin*, No. 1:16 CV 2549, 2017 WL 57303, at *3

---

[4]Plaintiff indicates that this defendant is named in a personal capacity only. (Doc. 9, at PageID 100). However, any claims against this defendant in an official capacity would likewise be barred by the Eleventh Amendment. *See Clevenger v. Raker*, No. 1:12-cv-432, 2012 WL 5385607, at **1, 3 (S.D. Ohio Nov. 1, 2012) (Spiegel, J.); *see also Williams v. Parikh*, __ F.Supp.3d __, 2023 WL 8824845, at *3 (S.D. Ohio Dec. 21, 2023) (Cole, J.) ("For § 1983 purposes, the courts of common pleas and their employees are deemed entities under the control of the *state* government, not the county government, because they derive governmental authority directly from the Ohio Constitution.") (footnote omitted), *appeal filed*, No. 24-3059 (6th Cir. Jan. 22, 2024).

(N.D. Ohio Jan. 5, 2017) ("Similarly, quasi-judicial immunity protects members of grand juries for acts taken in their roles as grand jurors.") (citing *Imbler*, 424 U.S. at 423 n.20).[5]

Therefore, plaintiff motion to file a second amended complaint (Doc. 9) should be denied.

Accordingly, in sum, to the extent the success of plaintiff's claims would implicate the validity of his convictions or sentence, plaintiff's claims should be **DISMISSED** as *Heck*-barred **WITHOUT PREJUDICE**. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015) ("When courts dismiss claims under *Heck,* they typically do so *without prejudice*") (emphasis original). To the extent plaintiff's claims are not *Heck*-barred, it is **RECOMMENDED** that they be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's motion to file a second amended complaint (Doc. 9) should be denied as futile.

## IT IS THEREFORE RECOMMENDED THAT:

1. To the extent the success of plaintiff's claims would implicate the validity of his convictions or sentence, plaintiff's claims be **DISMISSED** as *Heck*-barred **WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1); *Wheeler*, 807 F.3d at 767.

2. To the extent plaintiff's claims are not *Heck*-barred, it is **RECOMMENDED** that they be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1) for failure to state a claim upon which relief can be granted.

3. Plaintiff's motion to file a second amended complaint (Doc. 9) be **DENIED** as futile.

---

[5] Because plaintiff's proposed § 1983 claims would be subject to dismissal for the reasons stated herein, the Court need not determine whether such claims would also be barred by the two-year statute of limitations governing 42 U.S.C. § 1983 civil rights claims. *See, e.g., Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir.1989).

11

4.     The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

## IT IS THEREFORE ORDERED THAT:

The Report and Recommendation issued January 22, 2024 addressing plaintiff's initial complaint (Doc. 4) is **VACATED as moot.**

## PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation).   Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

Date: 2/28/2024

Karen L. Litkovitz
United States Magistrate Judge