IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Brian Isiah Holmes, Jr., | : | |
| | : | Case No. 1:24-cv-053 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Affirming and Adopting the Order |
| Hamilton County, Ohio, *et al.*, | : | and Report and Recommendation and |
| | : | Overruling Objections |
| Defendants. | : | |

*Pro se* Plaintiff Brian Isiah Holmes, Jr. is incarcerated by the State of Ohio at the Chillicothe Correctional Institution. He has filed this civil rights action against Defendants raising claims based on his conviction. Pending before the Court are the Final Motion to Amend Complaint (Doc. 9) filed by Holmes; the Order and Report and Recommendation ("Order and R&R") (Doc. 10) issued by Magistrate Judge Karen L. Litkovitz; and the Response and Objections (Doc. 11) to the Order and R&R filed by Holmes. In the Order and R&R, Magistrate Judge Litkovitz recommended dismissing the Amended Complaint (Doc. 5), and she denied as futile Holmes's request in the Final Motion to Amend Complaint to file a second amended complaint.

For the reasons that follow, the Court will **AFFIRM** the Order and R&R insofar as the Magistrate Judge denied the Final Motion to Amend Complaint, **ADOPT** the Order and R&R insofar as the Magistrate Judge recommended dismissing the Amended Complaint, and **OVERRULE** Holmes's Response and Objections.

I.     **PROCEDURAL HISTORY**

A.     **Underlying State Court Criminal Case**

On November 27, 2019, Holmes was indicted in the Hamilton County, Ohio Court of

1

Common Pleas in Case No. B1906564.[1] He was charged in Counts 1 and 2 with murder, with different specifications, in the death of R.S. and in Counts 3 and 4 with felonious assault as to D.W. On September 20, 2021, Holmes entered a plea of guilty in Count 1 to a reduced charge of voluntary manslaughter and in Count 3 to felonious assault. Counts 2 and 4 were dismissed. He was sentenced to twenty years in prison on September 30, 2021.

**B.    Instant Federal Case**

Holmes initiated this case by filing a Complaint pursuant to 42 U.S.C. § 1983 against Hamilton County, Ohio for violating his Fifth Amendment rights against double jeopardy regarding Case No. B1906564. (Doc. 3 at PageID 45–46.) Magistrate Judge Litkovitz completed a review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and recommended dismissal. (Doc. 4.)

On January 22, 2024, Holmes filed an Amended Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) in which he substituted Joseph Deters, the former Hamilton County Prosecutor, and Stacey DeGraffenreid, a former Hamilton County Assistant Prosecutor, both in their personal capacities, as defendants. (Doc. 5.) Holmes alleged that Deters and DeGraffenreid violated his Fifth Amendment "rights against double jeopardy, because of the lack of clarity concerning the offenses for which [he] was charged." (*Id.* at PageID 66.) He alleged that Defendants injured him by sealing a "pseudo indictment" with "pseudo charges" against him. (*Id.* at PageID 64–65.) Holmes's theory of relief appears to be that Defendants violated his rights against double jeopardy when they charged him with two counts of murder and two counts of felonious assault when there was only one victim for each set of charges. (*Id.*)

---

[1] The Court takes judicial notice of the case filings posted by the Hamilton County Clerk of Courts at https://courtclerk.org.

2

Holmes then filed the Final Motion to Amend Complaint on February 8, 2024. (Doc. 9.) This pleading contained both legal arguments and allegations setting forth claims for violations of the Fifth Amendment similar to those in the Amended Complaint, this time against Hamilton County, DeGraffenreid, Deters, and the John Doe foreperson of the grand jury who signed the criminal indictment. Magistrate Judge Litkovitz treated this Final Motion to Amend Complaint as a motion to file a second amended complaint, and this Court will do the same.

Magistrate Judge Litkovitz issued the Order and R&R on February 29, 2024 after she conducted an initial screen of Holmes's *in forma pauperis* Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Doc. 10.) She recommended that (1) Holmes's claims be dismissed without prejudice to the extent they implicate the validity of his state court conviction and sentence and (2) Holmes's claims be dismissed for failure to state a claim upon which relief can be granted to the extent they do not implicate the validity of his state court conviction and sentence. (Doc. 10 at PageID 134.) Magistrate Judge Litkovitz also denied Holmes's Final Motion to Amend Complaint because the proposed second amended complaint would be futile. (*Id.* at PageID 134.)

Lastly, on March 8, 2024, Holmes filed a Response and Objections (Doc. 11) in which he objected that his Final Motion to Amend Complaint should not have been denied. Surprisingly, Holmes stated he "agree[d] with this honorable court regarding Document #5 the amended complaint." (*Id.* at PageID 137.)

II.     **LEGAL STANDARDS**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). Congress also has authorized the *sua sponte*

3

dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

Title 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) authorize magistrate judges to decide nondispositive matters which have been referred to them. A party's failure to timely object to a written order on a nondispositive matter forfeits any error. Fed. R. Civ. P. 72(a). If a party timely files objections to a magistrate judge's decision on a nondispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The clearly erroneous standard applies to a magistrate judge's findings of fact and the contrary to law standard to her conclusions of law. *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, No. 92-3304, 1994 WL 83265 (6th Cir. Mar. 14, 1994). Likewise, 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).

**III.    ANALYSIS**

The Magistrate Judge recommended dismissal of the Amended Complaint following her 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) review. She also denied Holmes's request to file a proposed second amended complaint on the grounds of futility. The Court's review of both parts of the Order and R&R overlap for the reasons discussed immediately below.

Holmes waived objection to dismissal of the Amended Complaint when he stated in his Response and Objections that "Plaintiff agrees with the honorable court regarding Document #5 the amended complaint." (Doc. 11 at PageID 137.) However, read in the context of the entire

4

brief, it is clear that Holmes conceded dismissal of the Amended Complaint only because he asserted that the same claims should be permitted to go forward under the guise of the proposed second amended complaint (as set forth in the Final Motion to Amend Complaint). The claims in the Amended Complaint against DeGraffenreid and Deters and the claims in the proposed second amended complaint (as stated in the Final Motion to Amend Complaint) against DeGraffenreid, Deters, and the John Doe grand jury foreperson, are substantively identical. Accordingly, the Court will discuss whether Magistrate Judge Litkovitz correctly determined that the claims against DeGraffenreid, Deters, and the John Doe grand jury foreperson fail as a matter of law.

      Holmes alleged in the Amended Complaint and the proposed second amended complaint that Defendants violated his Fifth Amendment right against double jeopardy by charging him with more than murder charge for the death of R.S. and more than one felonious assault charge for the injury to D.W. (Doc. 5 at PageID 64–66; Doc. 9 at PageID 100–101.) The Magistrate Judge correctly determined that Defendants could not be held liable for the alleged Fifth Amendment violations. First, to the extent that Holmes's claims would cast doubt on the validity of his state court convictions or sentences, the claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his [state court] conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Holmes's state court convictions have not been invalidated, so they cannot be the basis of a § 1983 claim.

      Holmes emphasizes in the Final Motion to Amend Complaint that he does not dispute

5

that the prosecutors were correct to charge him with a single count of murder and a single count of felonious assault. "The Plaintiff is not challenging the facts of His criminal case that are correct as they stand as true as adjudicated . . . or attempting to undermine the facts of His conviction." (Doc. 9 at PageID 101, 105.) However, even assuming the Court could find for Holmes on a Fifth Amendment claims without invalidating the state court conviction, the Magistrate Judge correctly concluded that the claims still fail as a matter of law. The claims against DeGraffenreid and Deters fail because they have prosecutorial absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) ("[A] state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial.") Likewise, the claim against the John Doe grand jury foreperson fails because he or she has quasi-judicial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20 (1976) (recognizing the immunity of grand jurors); *Higdon v. Tenn.*, No. 3:13-CV-586, 2014 WL 3939671, at *8 (E.D. Tenn. Aug. 12, 2014) (finding that grand jury foreperson was protected by quasi-judicial immunity).

Additionally, the claim against Hamilton County that Holmes asserted in the initial Complaint, abandoned in the Amended Complaint, and then appeared to resurrect in the proposed second amended complaint fails as a matter of law. Hamilton County cannot be held liable solely based on the wrongdoing of its employees. *See Morgan v. Fairfield Cnty., Ohio*, 903 F.3d 553, 565 (6th Cir. 2018) (stating a municipality can be held liable only for its own wrongdoing). Holmes explicitly concedes this point in the Response and Objections, and he alleges no wrongdoing by Hamilton County itself in the proposed second amended complaint. (Doc. 11 at PageID 143.)

Finally, Holmes waived his right to assert any constitutional violation claim based on the

6

Hamilton County indictment when he pleaded guilty to two charges in that criminal case. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that a defendant who pleads guilty cannot raise claims based on a deprivation of constitutional rights that occurred before the guilty plea); *Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. July 15, 2016) (stating a defendant who pleaded guilty could not later "challenge the constitutionality of the prosecution's pre-trial procedure"). Holmes miscomprehends the law in his arguments to the contrary in the Final Motion to Amend.

## IV. CONCLUSION

For the foregoing reasons, the Order and R&R (Doc. 10) is **ADOPTED and AFFIRMED** and Holmes' Response and Objections (Doc. 11) is **OVERRULED**. The Order and R&R is **ADOPTED** to the extent that the Amended Complaint (Doc. 5) is **DISMISSED WITH PREJUDICE**. The Order and R&R is **AFFIRMED** to the extent that the Final Motion to Amend Complaint (Doc. 9) is **DENIED**.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge